[Crim. No. 28987. Second Dist., Div. Three. Sept. 22, 1976.]

In re STANLEY ERNEST MAY, on Habeas Corpus.

**Counsel**

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Edward M. Cook and Dennis A. Fischer, Deputy Public Defenders, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Owen Lee Kwong, Deputy Attorneys General, for Respondent.

OPINION

**COBEY, Acting P. J.**—On the petition of Stanley Ernest May for a writ of habeas corpus, we issued an order to the Superior Court for the County of Los Angeles and to Peter J. Pitchess, sheriff, Los Angeles County, to show cause why respondent court should not vacate its order of July 8, 1976, and instead enter a new order imposing upon petitioner a fine of not more than $100 and correcting its records to show petitioner's conviction therein to have been only a misdemeanor and why the sheriff should not then release petitioner from custody.

The basis for the petition before us is a 1975 amendment (Stats. 1975, ch. 248, § 2) to Health and Safety Code section 11357, subdivision (b), effective January 1, 1976. (Cal. Const. art. IV, § 8(c); Gov. Code, § 9600, subd. (a).) This amendment made the unauthorized possession of not more than one avoirdupois ounce of marijuana (other than concentrated cannabis) a misdemeanor punishable by a fine of not more than $100. This change in the law constituted a particularized reduction in the classification of the offense of possession of a small amount of marijuana and in the punishment thereof, which, formerly without classification as to the amount possessed (Stats. 1972, ch. 1407), was imprisonment for not less than one year or for not more than ten years.[1]

In May 1971 petitioner pled guilty to possession of marijuana on February 20, 1971, a felony. Thereafter he failed to appear for his probation and sentencing hearing and was not apprehended until December 1975. On December 29, 1975, proceedings in the case were suspended and petitioner was placed on probation for two years. On May 3, 1976, petitioner was found, preliminarily, to be in violation of probation for failure to report to his probation officer. Thereafter, following an evidentiary hearing, on July 8, 1976, the trial court formally found petitioner in violation of probation and modified his probation to provide, among other things, that he serve an additional six months in the county jail for his 1971 offense, at the conclusion of which imprisonment probation was to terminate. This order, now under

---

[1]Under subdivision (c) of the current section, the punishment for possession of more than one avoirdupois ounce of marijuana (other than concentrated cannabis) is imprisonment in the county jail for a period of not more than six months or by a fine of not more than $500 or by both such fine and imprisonment.

challenge, therefore continued to treat the offense as a felony.[2] (Pen. Code, § 17.)

The amount of marijuana petitioner possessed in 1971 was approximately six grams.[3] This is less than one-fourth of an avoirdupois ounce. (See Webster's Internat. Dict. (2d ed. 1942) p. 192.) Under current law, as previously indicated, the maximum punishment for petitioner's 1971 crime is a fine of not over $100 and the offense is a misdemeanor.

It is clear that the trial court exceeded its jurisdiction in imposing upon petitioner a greater punishment for a greater crime than the law now recognizes. Such excess in jurisdiction may be corrected by the issuance of a writ of habeas corpus. (See Pen. Code, § 1487, subd. 1; *In re Estrada,* 63 Cal.2d 740, 750 [48 Cal.Rptr. 172, 408 P.2d 948].) Thus, habeas corpus is an appropriate remedy in this instance.

As our Supreme Court said in *Estrada, supra,* at page 745: ". . . When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it·constitutionally could apply: The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."

In the present case, proceedings were suspended and probation was granted for a period of 2 years on various terms and conditions, one of which required petitioner to spend the first 60 days of the

[2]The trial court correctly observed that, aside from the subsequent change in classification of the offense and the punishment thereof, there was ample reason for imposing a limited jail sentence on petitioner. As already indicated, he just disappeared before his probation and sentencing hearing in 1971 and after he was apprehended in December 1975 and then placed on probation, he failed to contact his probation officer. The trial court's challenged disposition was in accordance with the probation officer's recommendation.

Petitioner was released from custody on August 13, 1976, after serving the term of his sentence. In view of this fact, if punishment by fine is required under the current statute, such fine should be nominal or token—e.g., $1.

[3]Possession by petitioner of this approximate amount was stipulated to at the preliminary hearing on March 8, 1971. The probation report likewise states that this was the approximate amount petitioner possessed.

probationary period in county jail with credit for 46 days already spent in custody. Although an order granting probation is "deemed to be a final judgment" for the limited purpose of taking an appeal therefrom (Pen. Code, § 1237, subd. 1), it does not have the effect of a judgment for other purposes. (*People* v. *Superior Court (Giron),* 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636].) Since the proceedings were suspended, no final judgment was entered for the purposes of this case. (See 2 Witkin, Cal. Crimes, §§ 1067, 1068, pp. 1007-1008.) Thus, the rationale of *Estrada* applies to this case because the amendatory statute became effective after the commission of the act but before the judgment of conviction was final.

Respondent claims that this court may not declare this conviction a misdemeanor pursuant to the 1975 amendment to Health and Safety Code section 11357. ■ Judicial error in the pronouncement of judgment, however, can be corrected when the judgment as pronounced is void for lack of jurisdiction. (*In re Candelario,* 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *People* v. *Hartsell,* 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].)

Let a writ of habeas corpus issue commanding the superior court for Los Angeles County to vacate its order of July 8, 1976, in case number A 602032, entitled The People of the State of California v. Stanley Ernest May (hereinafter petitioner) and to enter instead a new order imposing upon petitioner a fine not to exceed $100 and correcting its records in such case to show petitioner's conviction therein as a misdemeanor.

Allport, J., and Potter, J., concurred.