Filed 5/23/16  P. v. Contreras CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042360 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS131149B) |
| v. | |
| HECTOR RODRIGUEZ CONTRERAS, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Hector Rodriguez Contreras pleaded no contest to felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)).  The trial court suspended imposition of sentence and placed defendant on probation.  While defendant was on probation, Penal Code section 1170.18[1] was enacted by the voters as part of Proposition 47, which reclassified certain offenses as misdemeanors.  Defendant filed an application in the trial court under section 1170.18, subdivision (f) to have his felony conviction designated a misdemeanor.  The court denied the petition without prejudice pursuant to section 1170.18, subdivision (a).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant contends that the trial court erred by failing to automatically designate his felony conviction a misdemeanor. Defendant contends that the ameliorative provisions of Proposition 47 in reclassifying certain offenses as misdemeanors applied retroactively to him, and that he was not required to follow the procedures for recall and resentencing set forth in section 1170.18 in order to have his offense designated a misdemeanor.

For reasons that we will explain, we will affirm the order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, defendant was charged by complaint with two counts pertaining to a controlled substance and paraphernalia. In July 2013, the complaint was amended to add count 3, felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)), and defendant pleaded no contest to that count. The trial court suspended imposition of sentence and placed defendant on Proposition 36 probation for 18 months (see § 1210.1). The remaining counts were dismissed.

In October 2013, defendant was found in violation of probation and probation was revoked. Thereafter, in November 2013, the trial court terminated defendant's Proposition 36 probation and placed him on formal probation for three years.[2]

In April and in May 2014, defendant admitted violating probation. Probation was revoked and reinstated each time.

In March 2015, after Proposition 47 had passed, defendant filed an application requesting that his felony conviction for possession of a controlled substance be designated a misdemeanor pursuant to section 1170.18, subdivisions (f) and (g). In the

---

[2] The judgment (order of probation) was the subject of defendant's prior appeal (*People v. Contreras* (Jun. 10, 2015, H040402) [nonpub. opn.]). This court ultimately affirmed the judgment. In the present appeal, defendant refers to portions of the record in case No. H040402. On our own motion, we take judicial notice of the record in that case. (Evid. Code, § 452, subd. (d)(1).)

2

application, which was on a preprinted form, defendant marked a box indicating that he had "completed" his "sentence." He left unmarked a box indicating that he was currently serving a sentence.

In April 2015, the prosecution filed a response, contending that defendant was "not eligible for the requested relief" because he "ha[d] not been sentenced."

A hearing was held on the matter on May 27, 2015. The trial court indicated that the "same issue" had been taken up in a "previous case" before the court. The court explained that, in felony probation cases, "[t]he way we've been handling these in this department is that, essentially, he can ask to be sentenced but that may trigger a prior prison term, or he can wait out the term of probation, or he can attempt a 17(b) motion." Defense counsel indicated that he was submitting on an argument that had been made in the previous case before the court "in regards to the term 'sentencing.'" The court stated that it "decline[d] to follow that position as to what a legal definition of 'sentencing' is" and denied defendant's petition without prejudice pursuant to section 1170.18, subdivision (a). The record on appeal does not reflect the substance of the argument in the unspecified previous case to which defense counsel and the court were referring. By written order filed May 27, 2015, the court denied defendant's application.

### III. DISCUSSION

#### A. *Legal Background: Proposition 47*

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014.) Proposition 47 reclassified certain drug and theft related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. (§ 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) The statutes amended by Proposition 47 include Health and Safety Code section 11377, subdivision (a), the former version of which provided the basis for defendant's felony conviction. Prior to Proposition 47, possession of a controlled substance in violation of Health and Safety

3

Code section 11377, subdivision (a) was a wobbler. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) As a result of Proposition 47, Health and Safety Code section 11377, subdivision (a) now provides that possession of specified controlled substances is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions.[3]

Proposition 47 also enacted a new statutory provision, section 1170.18, which sets forth two different procedures for defendants seeking to have a felony conviction resentenced as, or otherwise designated, a misdemeanor.

The first procedure under section 1170.18 applies to a defendant who is "*currently serving a sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (a), italics added.) Such a defendant may petition for a recall of his or her sentence and request resentencing in accordance with the amended statute that reclassified the defendant's offense as a misdemeanor. (*Ibid.*) If the petitioner meets the requisite statutory criteria, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b); see *id.*, subd. (c).) Section 1170.18 sets forth various factors that a court may consider in exercising its discretion. (*Id.*, subd. (b)(1)-(3).) A defendant is not eligible for resentencing if he or she has suffered a specified prior conviction. (*Id.*,

---

[3] Health and Safety Code section 11377, subdivision (a) provides for the following punishment: "imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." Section 667, subdivision (e)(2)(C)(iv) lists a number of serious or violent felonies, which have been referred to as "super strike" offenses. (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

subd. (i).)  Generally, a defendant who is resentenced pursuant to section 1170.18 is subject to a one-year period of parole and may not possess a firearm.  (*Id.*, subds. (d) & (k).)

The second procedure under section 1170.18 applies to a defendant who has "*completed his or her sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (f), italics added.)  Such a person may file an application to have the felony conviction designated a misdemeanor, and the trial court must make the misdemeanor designation if the defendant meets the requisite criteria and has not suffered a specified prior conviction.  (*Id.*, subds. (f), (g) & (i).)  A trial court is not required to hold a hearing, unless requested by the applicant, before ruling on the application.  (*Id.*, subd. (h).)

Any petition or application must be filed within three years after the effective date of the Act unless good cause is shown for a later filing.  (§ 1170.18, subd. (j).)

On appeal, defendant contends that the trial court was required to retroactively apply the Act's reclassification of his felony offense as a misdemeanor and automatically designate his felony conviction a misdemeanor.  Defendant argues that in seeking this relief in the trial court, he was not required to follow the procedure set forth in section 1170.18, subdivision (a) regarding a petition for a recall of sentence because, as a probationer whose imposition of sentence was suspended, he is not "currently serving a sentence" within the meaning of subdivision (a).  He argues in the alternative that, if this court determines that section 1170.18 is "the sole means of relief for those previously convicted, this court must deem [him] to be 'serving a sentence for a conviction' so as to permit [him] to obtain relief through section 1170.18."

The Attorney General responds that defendant was not entitled to an automatic reduction of his felony to a misdemeanor, and that he was required to follow the recall/resentencing procedure set forth in section 1170.18.  The Attorney General

5

contends that the matter should be remanded to the trial court to consider defendant's eligibility for resentencing to a misdemeanor.

We will first consider the issue of retroactivity before turning to the question of whether defendant was required to follow the petition procedure set forth in section 1170.18, subdivision (a) in order to be resentenced to a misdemeanor.

**B.** *Retroactivity*

### 1. Legal background

Section 3 specifies that no part of the Penal Code is retroactive, "unless expressly so declared." Section 3 "provides the default rule" regarding retroactivity, "codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.]" (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).)

A "qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Brown*, *supra*, 54 Cal.4th at p. 323.) That qualification is: "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid*., fn. omitted.) As the *Estrada* court explained: "When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be

6

applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

In *In re May* (1976) 62 Cal.App.3d 165 (*May*), the appellate court addressed the application of *Estrada* and the issue of when a judgment is final for a defendant placed on probation. In *May*, the "proceedings in the case were suspended and [the defendant] was placed on probation" for a drug offense. (*Id.* at p. 167.) A statutory amendment subsequently reduced the offense from a felony to a misdemeanor. (*Ibid.*) In the defendant's case, however, the trial court continued to treat the offense as a felony when the defendant was later found in violation of probation. (*Id.* at pp. 167-168.) The appellate court determined that, "[s]ince the proceedings were suspended, no final judgment was entered for the purposes of this case. [Citations.] Thus, the rationale of *Estrada* applies to this case because the amendatory statute became effective after the commission of the act but before the judgment of conviction was final." (*Id.* at p. 169.) The appellate court therefore concluded that the defendant's offense should be designated and treated as a misdemeanor. (*Ibid.*)

"The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted (*Nasalga*) (plur. opn. of Werdegar, J.); see *Estrada*, *supra*, 63 Cal.2d at p. 747 ["where there is an express or implied saving clause," the prior statute "should continue to operate as to past acts"].) If there is no express saving clause, one will be implied if the Legislature or electorate has "demonstrate[d] its intention with sufficient clarity that a reviewing court can discern and effectuate it." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1049 (*Pedro T.*).)

For example, the "functional equivalent of a saving clause" was included in Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act). (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 (*Yearwood*).) The Reform Act "change[d]

7

the requirements for sentencing a third strike offender" by authorizing life sentences only in certain cases. (*Yearwood*, *supra*, at p. 167.) The Reform Act also enacted a new statute, section 1170.126, which "created a postconviction release proceeding whereby [an eligible] prisoner . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*Yearwood*, *supra*, at p. 168.)

The *Yearwood* defendant was sentenced as a third strike offender prior to the Reform Act. (*Yearwood*, *supra*, 213 Cal.App.4th at p. 167.) Had he been sentenced after the Reform Act, he would not have been sentenced to an indeterminate life term. (*Yearwood*, *supra*, at p. 168.) The appellate court considered whether it could issue an order that he be resentenced, or whether his remedy was "limited to filing a petition for a recall of his sentence in compliance with section 1170.126." (*Ibid*.)

The *Yearwood* defendant argued that the Reform Act should apply retroactively, based on *Estrada*, because the Reform Act reduced the punishment for his offense. The *Yearwood* court disagreed, finding that "[t]he *Estrada* rule does not apply to the [Reform] Act because section 1170.126 operates as the functional equivalent of a saving clause." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 172.) The court examined the language of section 1170.126, subdivision (b), which provides, "Any person serving an indeterminate term of life imprisonment" imposed for a third strike conviction "may file a petition for a recall of sentence." The court found this phrase was "not ambiguous" and that section 1170.126 "is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law." (*Yearwood*, *supra*, at p. 175.)[4]

---

[4] The California Supreme Court is currently considering whether the Reform Act's resentencing provisions apply retroactively to a defendant who was sentenced before the act's effective date, but whose judgment was not final until after that date. (See, e.g., *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275.)

## 2. Analysis

Defendant contends that, as a probationer whose imposition of sentence has been suspended, he is entitled to "receiv[e] the benefit of ameliorative legislation passed after the grant of probation." Specifically, he argues that he is entitled to the benefit of Proposition 47 and the resulting statutory amendment that changed his drug offense from a felony to a misdemeanor, "in the same manner as those persons coming before the court for the first time" after the amendment.

The question of whether retroactive application of Proposition 47's reduced penalty provisions is required under *Estrada* requires a determination of the intent of the electorate (*Estrada*, *supra*, 63 Cal.2d at p. 744), which may be signaled by the inclusion of "either an express saving clause or its equivalent" (*Nasalga*, *supra*, 12 Cal.4th at p. 793; see *Estrada*, *supra*, at p. 747).

We determine that although Proposition 47 does not have an express saving clause, it did create section 1170.18, which is functionally equivalent to a saving clause. (See *Nasalga*, *supra*, 12 Cal.4th at p. 793; *Pedro T.*, *supra*, 8 Cal.4th at p. 1049; *Estrada*, *supra*, 63 Cal.2d at p. 747.) In enacting Proposition 47, the electorate drew distinctions between three categories of defendants—those who had not yet been sentenced, those who were "currently serving" sentences (§ 1170.18, subd. (a)), and those who had completed their sentences (*id.*, subd. (f))—and it provided procedures for those latter two categories of defendants who sought to benefit from the ameliorative provisions provided by Proposition 47. In particular, under section 1170.18, subdivision (a), a defendant who is "currently serving a sentence for a conviction" may petition for a recall of sentence and resentencing. Like the resentencing petition process created by the Reform Act, the resentencing petition process contained in section 1170.18, subdivision (a) expressly applies to defendants who are "currently serving a sentence" for a crime that would have been a misdemeanor after the passage of Proposition 47. (Cf. § 1170.126, subd. (b); see *Yearwood*, *supra*, 213 Cal.App.4th at p. 173.) By setting forth a specific procedure for

9

those defendants who were "currently serving a sentence" at the time the initiative took effect (§ 1170.18, subd. (a)), the electorate effectively and clearly "demonstrate[d] its intention" that such defendants follow those procedures set forth in section 1170.18 before being resentenced (*Pedro T.*, *supra*, at p. 1049).

We therefore turn to the question of whether defendant is "currently serving a sentence," such that the recall and resentencing procedure set forth in section 1170.18 applies to him.

## C. *"Currently Serving a Sentence"*

As we set forth above, section 1170.18 sets forth the procedure by which a defendant "currently serving a sentence" (*id.*, subd. (a)) for a felony conviction may petition for a recall of his or her sentence and potentially be resentenced to a misdemeanor (see, e.g., *id.*, subds. (a) - (d)).  Defendant contends that, because the imposition of his sentence was suspended and he was placed on probation (see §§ 1203, subd. (a), 1203.1, subd. (a), 1203.2, subd. (c)), he is not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and therefore the petition procedure provided by section 1170.18 does not apply to him.  Defendant argues in the alternative that, if this court determines that section 1170.18 is "the sole means of relief for those previously convicted, this court must deem [him] to be 'serving a sentence for a conviction' so as to permit [him] to obtain relief through section 1170.18."

The Attorney General contends that "a probationer whose imposition of sentence was suspended, is serving a sentence within the meaning of Proposition 47," and that defendant must therefore follow the procedures for recall or resentencing that are set forth in section 1170.18.

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.  [Citation.]  Thus, [1]  "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  [2]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme

10

[in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

In *People v. Garcia* (2016) 245 Cal.App.4th 555 (*Garcia*), we determined that the phrase "currently serving a sentence for a conviction" in section 1170.18, subdivision (a), "appl[ies] to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme." (*Garcia*, *supra*, at p. 559.) In that case, as in the instant case, the trial court suspended imposition of sentence and placed the defendant on probation for felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)). (*Garcia*, *supra*, at p. 557.)

We agreed with the parties in *Garcia* that interpreting the statutory language to *not* include probationers would lead to absurd consequences. We observed that "there is nothing in either the ballot materials or the statutory language that appears to limit the phrase 'currently serving a sentence for a conviction' to those serving a term of imprisonment." (*Garcia*, *supra*, 245 Cal.App.4th at p. 558.) Moreover, "granting probation is in some contexts a 'sentencing choice' (see, e.g., Cal. Rules of Court, rule 4.405(6) [' "Sentence choice" means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial.']). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority 'at time of sentencing' either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ['an order granting probation and suspending imposition of sentence is a form of sentencing'].)" (*Ibid*.) Indeed, "the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language 'sentenced to probation.' (See *People v.*

11

*Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to 'sentence of probation'].)" (*Ibid.*)

We explained in *Garcia* that "[t]he ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure; the legislative analysis refers to offenders who are 'sentenced' to supervision by a county probation officer while indicating that both jail time for eligible offenders and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Prop. 47 mechanism for resentencing after being 'sentenced or placed on probation'].) The Legislative Analyst discussed these options under the heading of 'Misdemeanor Sentencing' and generally noted the fiscal consequences of 'the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors.' (Italics added.) Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but suspending its execution. The statute itself allows the recall of a 'felony sentence' and allows the petitioner to request 'resentencing' in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).) . . . Proposition 47 was intended to reach those with 'nonserious, nonviolent crimes like . . . drug possession,' which would encompass many who were granted probation. (Voter Information Guide, [Gen. Elec. (Nov. 4, 2014)] text of Prop. 47, § 3, p. 70.) To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Garcia*, *supra*, 245 Cal.App.4th at pp. 558-559, fns. omitted.)

In this case, defendant argues that the California Supreme Court in *People v. Scott* (2014) 58 Cal.4th 1415 (*Scott*), recognized a distinction between probationers

12

whose imposition of sentence has been suspended and probationers whose execution of sentence has been suspended in the context of the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1) (Realignment Act). The Realignment Act, which changed the punishment for some felony convictions from prison to county jail (*Scott*, *supra*, at p. 1418-1419), "applied prospectively to any person *sentenced* on or after October 1, 2011" (§ 1170, subd. (h)(6), italics added). In *Scott*, the California Supreme Court concluded that a defendant placed on probation "is 'sentenced' when a judgment imposing punishment is pronounced [although] execution of the sentence is then suspended." (*Scott*, *supra*, at p. 1423.) The court reached this conclusion based on "the statutory provisions and case law existing at the time of the Legislature's enactment of section 1170[, subdivision] (h)(6) in 2011." (*Ibid.*) The court explained that "[t]here is no definition of 'sentenced' in the Realignment Act itself and nothing in the legislative history of the [Realignment] Act indicates how the Legislature intended the [Realignment] Act to be applied in this situation." (*Id.* at p. 1421.)

In contrast, as we have explained, "[t]he ballot materials for Proposition 47 . . . indicate that the voters regarded probation as one of the options within a sentencing procedure." (*Garcia*, *supra*, 245 Cal.App.4th at p. 558, fn. omitted.) Moreover, to give defendants sentenced to prison but not those granted probation "the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Id.* at p. 559.)

Defendant argues that section 1170.18 places "limitations" on a recall petition or on resentencing, and that these limitations only apply or only "make sense" in the context of a defendant who has been sentenced to prison rather than a defendant who has been placed on probation. The "limitations" identified by defendant include: (1) a defendant who has suffered a specified prior conviction, such as rape, murder, or child molestation may not petition for a recall of sentence (§ 1170.18, subd. (i)), (2) the court must make a

13

determination that resentencing the defendant will not pose an unreasonable risk of danger to public safety, meaning an unreasonable risk that the defendant will commit a new violent felony, and this determination may include consideration of the defendant's disciplinary and rehabilitation records while incarcerated (*id.*, subds. (b) & (c)), (3) a defendant who is resentenced is subject to a one-year period of parole unless the court orders a release from parole (*id.*, subd. (d)), and (4) a court resentencing a defendant may not impose a term longer than the original sentence.  Regarding the first limitation, defendant argues that it is unlikely that a probationer has suffered one of the specified prior convictions.  Regarding the second limitation, defendant contends that it is unlikely a defendant would have received probation if the court believed the defendant posed an unreasonable risk of committing a new violent felony.  Regarding the third limitation, defendant contends that it "makes no sense" that a person placed on probation would "also receive consecutive parole supervision of one year."  Regarding the fourth limitation, defendant argues that a court could never impose a longer sentence on a person whose imposition of sentence was suspended because such a person never had a sentence imposed in the first place.

We are not persuaded by defendant's arguments.  Some of the "limitations" may be more appropriately applied to one defendant over another defendant, whether those two defendants are both in prison, both on probation, or one in prison and one on probation.  The existence of the "limitations," however, are not inconsistent with an intent by the electorate to include probationers within the recall/resentencing procedures.  For example, that a court may be more likely to have public safety concerns when a recall petition is brought by a defendant in prison as compared to a petition brought by a probationer, does not suggest that the electorate intended to allow a recall petition by a prisoner only and not by a probationer.

Defendant also briefly refers to section 1170.18, subdivision (n), which states that "[n]othing in this and related sections is intended to diminish or abrogate the finality of

14

judgments in any case not falling within the purview of this act." Defendant argues that this subdivision "make[s] sense only in the context" of defendants sentenced to prison, because probationers whose imposition of sentence have been suspended "do not have final judgments of conviction." We are not persuaded by defendant's argument. For purposes of finality, a defendant may appeal from "a final judgment of conviction," which includes "an order granting probation." (§ 1237, subd. (a).) The existence of subdivision (n) thus does not persuade us that section 1170.18 applies only to defendants in prison and not on probation.

**D. *Summary***

Defendant, who was on probation, sought to have his felony drug conviction automatically designated a misdemeanor. He filed an application under section 1170.18, subdivision (f), which applies to a defendant who has "completed" his or her sentence. (*Ibid.*) The trial court determined that defendant had not yet been sentenced, and it also apparently determined that none of the procedures provided by section 1170.18 were available to defendant. As we have explained, however, defendant is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).[5] Therefore, the trial court could properly consider a petition by defendant for recall and resentencing under subdivision (a).

Although the trial court believed that defendant could not petition for recall and resentencing under section 1170.18, subdivision (a) while on probation, and we have concluded otherwise, we find no basis for reversing the court's order in this case. Defendant in this case filed an application under subdivision (f) for automatic designation of his felony conviction as a misdemeanor, rather than a petition for recall and resentencing under subdivision (a). Because defendant was still on probation and serving

---

[5] In *People v. Davis* (2016) 246 Cal.App.4th 127, petition for review pending, petition filed May 6, 2016, S234324, the appellate court similarly concluded that probationers fall within the meaning of section 1170.18, subdivision (a).

a sentence, he was not entitled to an automatic designation of his felony conviction as a misdemeanor under subdivision (f). Accordingly, the court's denial of defendant's petition without prejudice was proper.[6]

## IV. DISPOSITION

The May 27, 2015 order is affirmed.

---

[6] Defendant is not precluded from seeking relief from the trial court under section 1170.18, subdivision (a).

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.