Filed 7/6/16  P. v. Sarabia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FELIPE SARABIA,<br><br>    Defendant and Appellant. | H042247<br>(Santa Clara County<br> Super. Ct. No. C1106099) |

In 2011, defendant Felipe Sarabia pleaded guilty to possession of cocaine.  (Health & Saf. Code, § 11350, subd. (a).)  The trial court subsequently placed defendant on formal probation.  At a probation revocation hearing in 2015, defendant admitted violating the terms of his probation, but he argued his conviction had been reduced to a misdemeanor as a matter of law by the enactment of Proposition 47.  Defendant objected to the requirement that he file a petition to reduce his conviction to a misdemeanor under Proposition 47's resentencing provisions.  (See Pen. Code, § 1170.18.)[1]

After the trial court overruled defendant's objection, defendant petitioned for resentencing, whereupon the court granted the petition and reduced his conviction to a misdemeanor.  On appeal, defendant contends the trial court erred by requiring him to file a petition to reduce his conviction to a misdemeanor.  He argues that Proposition 47

---

[1] Subsequent undesignated statutory references are to the Penal Code.

retroactively reduced his offense to a misdemeanor under *In re May* (1976) 62 Cal.App.3d 165 (*May*), and *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

We will conclude the trial court properly required the filing of a petition before it resentenced defendant because a defendant on probation is "currently serving a sentence" under Proposition 47. Accordingly, we will affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Facts of the Offense*[2]

On April 23, 2011, around 7:27 p.m., police saw defendant parked illegally in a Honda sedan with illegally tinted front windows. Upon contacting defendant, the police observed him exhibiting signs of intoxication. A records check revealed his driver's license was expired. Police found a bindle of cocaine in defendant's sock. In a search of the car, police found a plastic bag containing a substance commonly used to cut cocaine.

### B. *Procedural Background*

The prosecution charged defendant by felony complaint with three counts: Count One—Possession of cocaine (Health & Saf. Code, § 11350, subd. (a)); Count Two— Using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and Count Three—Driving without a valid license (Veh. Code, § 12500, subd. (a)).

In June 2011, defendant pleaded guilty to all three counts. The trial court deferred entry of judgment. In May 2012, after a failed drug test, the court terminated deferred entry of judgment, suspended imposition of sentence, and granted a two-year term of formal probation under Proposition 36. In January 2014, the court terminated Proposition 36 probation and reinstated a three-year term of formal probation.

In April 2015, the probation officer, alleging multiple failed drug tests, petitioned for modification of the terms of probation. The trial court held a probation revocation

---

[2] Our recitation of the facts is based on those set forth in the probation officer's petition for modification.

2

hearing on April 9. Defendant *presented* a petition for resentencing under Proposition 47, but he argued that his conviction for possession of cocaine had been reduced to a misdemeanor by "operation of law." Accordingly, he objected to the requirement that he *file* a petition to reduce his conviction to a misdemeanor. He argued this requirement would violate his constitutional rights under the Second Amendment because a petitioner resentenced to a misdemeanor is prohibited from possessing firearms under section 1170.18, subdivision (k). After the court overruled defendant's objection, he admitted violating the terms of his probation.

The trial court ordered that probation remained revoked, and it sentenced defendant to 213 days in county jail with 213 days of credit for time served. The court then granted the petition for resentencing, recalled the sentence, and reduced defendant's conviction to a misdemeanor.

## II. DISCUSSION

Defendant contends he was not "currently serving a sentence" under the resentencing provisions of Proposition 47. He argues the passage of Proposition 47 retroactively reduced his conviction for possession of methamphetamine to a misdemeanor under *May*, *supra*, and *Estrada*, *supra*. Accordingly, he contends the trial court erred by requiring him to file a petition for resentencing to reduce his conviction to a misdemeanor. The Attorney General contends the trial court did not err because Proposition 47 does not operate retroactively in the absence of a petition. We conclude the trial court properly required defendant to file a petition for resentencing because a probationer is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).

A. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which reduced certain drug- and theft-related offenses to misdemeanors. As relevant here, the Act amended Health and Safety Code section 11350

3

to make possession of a controlled substance a misdemeanor except for certain classes of defendants not at issue here. Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses that were made misdemeanors by the Act. (§ 1170.18, subd. (a).) Under subdivision (a) of section 1170.18, a person "currently serving a sentence" for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

B. *Proposition 47 Does Not Apply Retroactively to Sentenced Defendants*

As defendant acknowledges, other courts of appeal have held that Proposition 47 does not retroactively reduce a defendant's felony conviction to a misdemeanor in the absence of a petition for resentencing. (*People v. Diaz* (2015) 238 Cal.App.4th 1323; *People v. Shabazz* (2015) 237 Cal.App.4th 303.) Those courts rejected the same retroactivity argument defendant makes here based on *Estrada*, *supra*, and we agree with the reasoning set forth in those opinions.

Defendant attempts to distinguish the aforementioned cases on the ground that they involved defendants who had been sentenced. Defendant argues that, by contrast, he had not yet been sentenced when Proposition 47 was enacted in November 2014 because he was on probation at that time. For this premise, he relies on *May*, *supra*, a case in which final judgment was not entered where proceedings were suspended and probation was granted. But that opinion was published decades before the enactment of either Proposition 36 or Proposition 47. We think its logic bears little relevance to the issue before us, which is largely one of statutory construction based on the language of section 1170.18.

The First District Court of Appeal recently considered this issue in *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*). In that case, the defendant argued that the phrase "currently serving a sentence" only includes defendants who are serving a term of

4

confinement and does not include probationers. The Attorney General disagreed, arguing that the word "sentence" includes any criminal sanction, including probation. (*Id.* at p. 139.) The *Davis* court held that "persons on probation for a felony conviction are 'currently serving a sentence' " within the meaning of section 1170.18, subdivision (a). (*Id.* at p. 132; see also *People v. Tidwell* (2016) 246 Cal.App.4th 212, 218 [an order granting probation and suspending imposition of sentence is a form of sentencing]; *People v. Garcia* (2016) 245 Cal.App.4th 555, 559 [resentencing provision of Proposition 47 applies to all those with felony dispositions, including those placed on probation].)

We agree with the analysis in *Davis*, and we will apply its holding here. Because defendant, as a probationer, is currently serving a sentence within the meaning of section 1170.18, he was required to adhere to the petitioning procedures set forth in that section if he wished to have his conviction reduced to a misdemeanor. We therefore conclude the trial court did not err by requiring him to file a petition for resentencing to reduce his conviction to a misdemeanor.

C. *The Resentencing Requirement Does Not Violate Equal Protection*

Defendant contends that, by requiring him to petition for resentencing, section 1170.18 violates his right to equal protection of the law. He argues that the statutory scheme treats him more harshly than a defendant facing an identical charge who had yet to be sentenced when Proposition 47 was enacted. He contends this disparate treatment violates equal protection under either strict scrutiny or a rational basis level of review.

We will apply the rational basis level of review. (See *People v. Wilkinson* (2004) 33 Cal.4th 821 [rejecting strict scrutiny standard in analyzing a suspect criminal classification]; *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 [where a disputed statutory disparity implicates no suspect class or fundamental right, equal protection is violated only where there is no rational relationship between the disparity of treatment and some legitimate governmental purpose].) Under this standard, we perceive a rational basis for the challenged classification. The trial court's determination of

5

whether a defendant qualifies for misdemeanor sentencing may depend on factual issues such as the existence of disqualifying prior convictions and the petitioner's level of dangerousness. The electorate could rationally decide that, for those sentenced before the enactment of Proposition 47, the defendant should be required to petition for recall of sentence through the trial court, which can then make the required factual determinations.

For these reasons, we conclude defendant's claim is without merit.

### III. DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:



_____
 Rushing, P.J.



_____
 Grover, J.



People v. Sarabia
No. H042247