Filed 7/13/16  P. v. St. Jules CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIDGETTE ST. JULES,<br><br>    Defendant and Appellant. | H041963<br>(Santa Clara County<br> Super. Ct. No. C1234437) |

Defendant Bridgette St. Jules appeals from an order redesignating her felony burglary offense as a misdemeanor under Penal Code section 1170.18.[1]  She contends that the trial court erred in requiring her to follow the petitioning procedures of section 1170.18 to obtain resentencing.  Instead, she argues, the court should have simply recharacterized her offense under Proposition 47, the Safe Neighborhoods and Schools Act (the Act)[2] without the necessity of her filing a petition.  Defendant further asserts error in the court's failure to resentence her after it redesignated the burglary as a misdemeanor.  We agree with defendant's second point and must therefore reverse for that reason alone.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Section 1170.18, part of the "Safe Neighborhoods and Schools Act," was enacted by the voters on November 4, 2014 in passing Proposition 47.  (Proposition 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).

*Background*

On July 17, 2012, defendant pleaded no contest to second degree burglary as part of a negotiated disposition (§§459; 460, subd. (b)). In exchange, she was promised no prison time, and an additional charge, petty theft with three or more prior convictions of burglary (§ 666, subd. (a)), was dismissed. The court suspended imposition of sentence and imposed three years' formal probation, conditioned on service of 90 days in county jail.

On April 10, 2014, probation was revoked. According to the probation officer, defendant had failed to comply with several conditions of probation, including those requiring substance abuse treatment and testing. In addition, by her own admission, she had ingested cocaine the previous month.

On November 5, 2014, section 1170.18 became effective following the passage of Proposition 47 by the voters the previous day. Proposition 47 reclassified certain drug and theft-related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. It also set forth procedures for defendants seeking to have a felony conviction resentenced or designated as a misdemeanor.

On November 20, 2014, defendant filed an "Application for Misdemeanor Designation/Petition for Resentencing." Defendant alleged that she had suffered no disqualifying convictions and that she was "still serving a sentence" on the burglary conviction. Defendant's attorney also filed written argument asserting that the petitioning procedures of section 1170.18, subdivision (a), were inapplicable to probationers because they were not "currently serving a sentence" within the meaning of the statute; rather, they were entitled "by operation of law" to retroactive application of Proposition 47 to resentencing without the necessity of a petition.

A hearing took place five days later, at which defendant admitted violating probation. The court reinstated probation and continued the matter for resolution of the Proposition 47 petition.

2

At the continued hearing on December 19, 2014, the parties and the court discussed "what it means to be currently serving a sentence under . . . [section 1170.18]," as applied to several defendants then before the court. Defense counsel argued that only those who have had "actual pronouncement of judgment" can be said to be "currently serving a sentence" within the meaning of section 1170.18. Defense counsel argued that there had to be an entry of final judgment for the filing of a petition to be required; by contrast, an order granting probation with imposition or execution of sentence suspended was not a "final judgment of conviction." The probationer therefore should not be viewed as "currently serving a sentence" and should be entitled automatically to a reduced sentence without the necessity of a petition. The People maintained, however, that probation, as commonly understood, should be viewed as a sentence and thus was subject to the petitioning procedures set forth in section 1170.18.

The trial court rejected the argument that a probationer should benefit from the redesignation by operation of law without being required to submit to the procedures set forth in section 1170.18. On December 23, 2014, and again in a January 20, 2015 amended order, the court ruled that "[n]othing in the express language of Proposition 47 suggests it should be applied only to persons who are denied probation and formally sentenced, or only to those granted probation whose sentence is imposed but execution suspended. Instead, the expressed statutory intent strongly indicates [that] the provisions of section 1170.18(a) apply to all persons 'sentenced' as that term is commonly and colloquially understood—and as any voter would likely understand this term." The defense view was "contrary to the voters' intent and overly restrictive, and inconsistent with the rule of lenity." Accordingly, the court concluded, "in order for these defendants to now receive the benefits of Proposition 47, they must proceed by petition for recall of sentence under section 1170.18(a) and be subject to the requirements of subdivision (b)." The court limited its ruling to those probationers for whom *imposition* of sentence was suspended.

On January 21, 2015, the court granted defendant's petition, redesignating the burglary as a misdemeanor but retaining her revoked probation status. Defendant then filed this timely appeal and obtained a certificate of probable cause.

*Discussion*

1. *Applicability of Petitioning Procedure in Section 1170.18, subd. (a)*

As noted earlier, Proposition 47 included a provision reclassifying certain drug and theft-related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. (§ 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) As relevant to theft-related offenses, subdivision (a) of section 1170.18 states: "A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . Section 459.5 [shoplifting], 473 [forgery], 476a [passing a bad check], 490.2 [petty theft], 496 [receiving stolen property], or 666 [petty theft with theft prior] . . . as those sections have been amended or added by this act."

The procedure set forth in section 1170.18, subdivision (a), applies to a defendant who is "*currently serving a sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (a), italics added.) Such a defendant may petition for a recall of his or her sentence and request resentencing in accordance with the amended statute that reclassified the defendant's offense as a misdemeanor. (*Ibid.*) If the petitioner meets the statutory criteria, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).)

4

On appeal, defendant contends that she should not have been required to follow the procedure set forth in section 1170.18, subdivision (a), by petitioning for a recall of sentence because, as a probationer whose imposition of sentence was suspended, she was not "currently serving a sentence" within the meaning of subdivision (a). Instead, she argues, the trial court was required to apply retroactively the Act's reclassification of her felony offense as a misdemeanor and automatically designate her felony conviction a misdemeanor.

"No part of [the Penal Code] is retroactive, unless expressly so declared." (§ 3.) Section 3 "provides the default rule" regarding retroactivity, "codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.]" (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).)

A "qualification" to the prospective-only presumption regarding statutory amendments was evident in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Brown*, *supra*, 54 Cal.4th at p. 323.) "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.]" (*Ibid.*, fn. omitted.) As the *Estrada* court explained: "When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied

5

constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

In *In re May* (1976) 62 Cal.App.3d 165 (*May*), the appellate court addressed the application of *Estrada* and the issue of when a judgment is final for a defendant placed on probation. In *May*, the "proceedings in the case were suspended and [the defendant] was placed on probation" for a drug offense. (*Id*. at p. 167.) A statutory amendment subsequently reduced the offense from a felony to a misdemeanor. (*Ibid*.) In the defendant's case, however, the trial court continued to treat the offense as a felony when the defendant was later found in violation of probation. (*Id*. at pp. 167-168.) The appellate court determined that, "[s]ince the proceedings were suspended, no final judgment was entered for the purposes of this case. [Citations.] Thus, the rationale of *Estrada* applie[d] to this case because the amendatory statute became effective after the commission of the act but before the judgment of conviction was final." (*Id*. at p. 169.) The appellate court therefore concluded that the defendant's offense should be designated and treated as a misdemeanor. (*Ibid*.)

"The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted (*Nasalga*) (plur. opn. of Werdegar, J.); see *Estrada*, *supra*, 63 Cal.2d at p. 747 ["where there is an express or implied saving clause," the prior statute "should continue to operate as to past acts"].) If there is no express saving clause, one will be implied if the Legislature or electorate has "demonstrate[d] its intention with sufficient clarity that a reviewing court can discern and effectuate it." (*In re Pedro T*. (1994) 8 Cal.4th 1041, 1049 (*Pedro T*.).)

For example, the "functional equivalent of a saving clause" was included in Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012). (*People v. Yearwood* (2013) 213

6

Cal.App.4th 161, 172 (*Yearwood*).)  The Reform Act "change[d] the requirements for sentencing a third strike offender" by authorizing life sentences only in certain cases. (*Yearwood*, *supra*, at p. 167.)  The Reform Act also enacted a new statute, section 1170.126, which "created a postconviction release proceeding whereby [an eligible] prisoner . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  [Citation.]" (*Yearwood*, *supra*, at p. 168.)

The *Yearwood* defendant was sentenced as a third strike offender prior to the Reform Act.  (*Yearwood*, *supra*, 213 Cal.App.4th at p. 167.)  Had he been sentenced after the Reform Act, he would not have been sentenced to an indeterminate life term. (*Yearwood*, *supra*, at p. 168.)  The appellate court considered whether it could issue an order that he be resentenced, or whether his remedy was "limited to filing a petition for a recall of his sentence in compliance with section 1170.126." (*Ibid*.)

The *Yearwood* defendant argued that the Reform Act should apply retroactively, based on *Estrada*, because the Reform Act reduced the punishment for his offense.  The *Yearwood* court disagreed, finding that "[t]he *Estrada* rule does not apply to the [Reform] Act because section 1170.126 operates as the functional equivalent of a saving clause." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 172.)  The court examined the language of section 1170.126, subdivision (b), which provides, "Any person serving an indeterminate term of life imprisonment" imposed for a third strike conviction "may file a petition for a recall of sentence."  The court found this phrase was "not ambiguous" and that section 1170.126 "is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law." (*Yearwood*, *supra*, at p. 175.)

Defendant contends that, as a probationer whose imposition of sentence had been suspended, she was entitled to "automatically receive the benefit of ameliorative changes in the law" which were created by legislation passed after the grant of probation.  She

maintains that because "the court had not pronounced a judgment of conviction . . . there was nothing to prevent the court . . . from merely correcting its records 'to show petitioner's conviction therein as a misdemeanor.' (See *May*, *supra*, 62 Cal.App.3d at p. 169."

The question of whether retroactive application of Proposition 47's reduced penalty provisions is required under *Estrada* requires a determination of the intent of the electorate (*Estrada*, *supra*, 63 Cal.2d at p. 744), which may be signaled by the inclusion of "either an express saving clause or its equivalent" (*Nasalga*, *supra*, 12 Cal.4th at p. 793; see *Estrada*, *supra*, at p. 747). Here, defendant argues that there is no saving clause, express or implicit, that prevents the benefits of Proposition 47 from applying to probationers like her. Because she cannot be said either to be "currently serving a sentence for a conviction" or to have "completed . . . her sentence for a conviction," (§ 1170.18, subds. (a), (f)), the electorate cannot be said to have manifested an intent that probationers not benefit from the law "or that their benefits should be subject to the procedures in section 1170.18."

We determine that although Proposition 47 does not have an express saving clause, it did create section 1170.18, which is functionally equivalent to a saving clause. (See *Nasalga*, *supra*, 12 Cal.4th at p. 793; *Pedro T.*, *supra*, 8 Cal.4th at p. 1049; *Estrada*, *supra*, 63 Cal.2d at p. 747.) In enacting Proposition 47, the electorate drew distinctions between three categories of defendants: those who had not yet been sentenced, those who were "currently serving" sentences (§ 1170.18, subd. (a)), and those who had completed their sentences (*id*., subd. (f))—and it provided procedures for those latter two categories of defendants who sought to benefit from the ameliorative provisions provided by Proposition 47. In particular, under section 1170.18, subdivision (a), a defendant who is "currently serving a sentence for a conviction" may petition for a recall of sentence and resentencing. Like the resentencing petition process created by the Reform Act, the resentencing petition process contained in section 1170.18, subdivision (a), expressly

8

applies to defendants who are "currently serving a sentence" for a crime that would have been a misdemeanor after the passage of Proposition 47. (Cf. § 1170.126, subd. (b); cf. *Yearwood*, *supra*, 213 Cal.App.4th at p. 173.) By setting forth a specific procedure for those defendants who were "currently serving a sentence" at the time the initiative took effect (§ 1170.18, subd. (a)), the electorate effectively "demonstrate[d] its intention" that such defendants follow those procedures set forth in section 1170.18 before being resentenced (*Pedro T.*, *supra*, at p. 1049).[3]

We therefore turn to the question of whether defendant is "currently serving a sentence" (§ 1170.18, subd. (a)), such that the recall and resentencing procedure set forth in section 1170.18 applies to her. (See, e.g., *id*., subds. (a)-(d).)

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

---

[3] In *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*), petition for review pending, petition filed May 6, 2016, S234324, the appellate court similarly concluded that, for defendants who were currently serving a sentence or who had completed a sentence for a felony covered by Proposition 47, "the electorate made clear its intent as to the nature and extent of the retroactive application of the amendments. For those persons, there is no need, and no place, for inferences about retroactive application, and therefore no basis for invoking *Estrada*." (*Davis*, *supra*, at p. 137.)

9

In *People v. Garcia* (2016) 245 Cal.App.4th 555 (*Garcia*), we determined that the phrase "currently serving a sentence" in section 1170.18, subdivision (a), "appl[ies] to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme." (*Garcia*, *supra*, at p. 559.) In *Garcia*, as in the instant case, the trial court suspended imposition of sentence and placed the defendant on probation for felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)). (*Garcia*, *supra*, at p. 557.) The People conceded, and we agreed, that the electorate intended to include felony probation as a sentence subject to the petition provisions of section 1170.18. We observed that "there is nothing in either the ballot materials or the statutory language that appears to limit the phrase 'currently serving a sentence for a conviction' to those serving a term of imprisonment." (*Garcia*, *supra*, at p. 558.) Moreover, "granting probation is in some contexts a 'sentencing choice' (see, e.g., Cal. Rules of Court, rule 4.405(6) [' "Sentence choice" means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial.']). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority 'at time of sentencing' either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ['an order granting probation and suspending imposition of sentence is a form of sentencing'].)" (*Ibid*.) Indeed, "the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language 'sentenced to probation.' (See *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to 'sentence of probation'].)" (*Ibid*.)

We explained in *Garcia* that "[t]he ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure; the legislative analysis refers to offenders who are 'sentenced' to supervision by a county probation officer while indicating that both jail time for eligible offenders

and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Prop. 47 mechanism for resentencing after being 'sentenced or placed on probation'].) The Legislative Analyst discussed these options under the heading of 'Misdemeanor Sentencing' and generally noted the fiscal consequences of 'the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors.' (Italics added.) Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but suspending its execution. The statute itself allows the recall of a 'felony sentence' and allows the petitioner to request 'resentencing' in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).) . . . Proposition 47 was intended to reach those with 'nonserious, nonviolent crimes like . . . drug possession,' which would encompass many who were granted probation. (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.) To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Garcia*, *supra*, 245 Cal.App.4th at pp. 558-559, fns. omitted.)

Defendant fails to convince us that *Garcia* is distinguishable or that it should not be followed.[4] We accordingly conclude that defendant was "currently serving a sentence" within the meaning of section 1170.18, subdivision (a) at the time she was on probation. It was therefore proper for the court to accept defendant's petition for resentencing.

---

[4] In *Davis*, *supra*, 246 Cal.App.4th 127, the appellate court similarly concluded that probationers fall within the meaning of section 1170.18, subdivision (a).

2. *Failure to Resentence Defendant*

As noted earlier, in granting defendant's petition the trial court redesignated the burglary count as a misdemeanor. It did not resentence her, however, but only stated, "In this matter then, probation remains revoked. Count 1 redesignated as a misdemeanor. Thank you." The clerk's minutes likewise reflect only the redesignation of count 1under Proposition 47 without further action.[5] Defendant contends that the court was obligated to "reinstate probation, discharge probation, or sentence [defendant] on the misdemeanor." The People respond that defendant forfeited the argument. They further attempt to distinguish *People v. Sem* (2014) 229 Cal.App.4th 1176, 1192-1193 (*Sem*), on which defendant relies. Neither of the People's points is well taken. The court was not authorized to order a term in which defendant's probation was revoked for an indefinite period. Section 1170.18, subdivision (b), itself directs the court, upon determining that the petitioner satisfies the criteria in subdivision (a), to resentence the petitioner in accordance with the specified statutes unless resentencing the petitioner "would pose an unreasonable risk of danger to public safety"—that is, "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subds. (b), (c).) Here, as in *Sem*, *supra*, at p. 1192, the court "exercised none of its statutory options," whether by reinstating probation, modifying it, or terminating it

---

[5] Neither party questions the court's failure to designate the Penal Code section that now applies to defendant's offense. Neither even mentioned the statute that appeared to govern the offense under the new law. Proposition 47 does not permit a redesignation of a burglary to misdemeanor burglary. (*People v. Chen* (2016) 245 Cal.App.4th 322, 326.) If the circumstances fit, a second degree burglary may, under section 1170.18, subdivision (b), be resentenced as shoplifting, a misdemeanor, under the newly created statute, section 459.5. For purposes of this appeal only, we will assume that the court intended to redesignate defendant's offense under section 459.5, as the record indicates that the property she stole from Walmart amounted to less than $950. The court will have the opportunity to clarify its intent upon remand.

12

altogether.  In effect, then, like the trial court in *Sem*, the court "created a status of perpetual revocation," even though that was evidently not its intent. (*Ibid*.)  This incomplete disposition, however, can be remedied upon remand.

*Disposition*

The order of January 21, 2015 is reversed.  Upon remand, the court shall specify the misdemeanor defendant is now deemed to have committed and resentence her in accordance with section 1170.18, subdivisions (b)-(e).

 

                             _____

                             ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

*People v. St. Jules*
H041963