Filed 2/10/16; pub. order 3/8/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAFAELA GARCIA,<br><br>    Defendant and Appellant. | H042396<br>(Monterey County<br>Super. Ct. No. SS120938B) |

Defendant Rafaela Garcia brought this appeal to challenge an order denying her petition for resentencing under Penal Code section 1170.18 (section 1170.18).  She contends that the court failed to appreciate that she was eligible to have her conviction of possession of methamphetamine reduced to a misdemeanor, pursuant to Proposition 47. The People concede the error, and we agree that the court erred in refusing to consider defendant's petition.

*Background*

Defendant was charged by complaint with felony possession of methamphetamine on May 17, 2012, a violation of Health and Safety Code section 11377, subdivision (a). On June 21, 2013, she appeared for sentencing.[1]  The court suspended imposition of sentence and placed defendant on felony probation for three years, conditioned on service of 60 days in jail and other terms.

---

[1] The circumstances of defendant's conviction are not in the record on appeal.

On March 9, 2015, defendant filed a petition for resentencing under section 1170.18, subdivision (a), asserting her eligibility for reduction of her conviction to a misdemeanor. The district attorney opposed the petition, asserting defendant's ineligibility for treatment under the statute because she "has not been sentenced." After hearing argument on the matter, the trial court decided to "stay with the traditional legal definition of 'sentenced' " and denied the petition. This timely appealed followed.

*Discussion*

Section 1170.18 is derived from Proposition 47, the Safe Neighborhoods and Schools Act, passed by voter initiative at the November 4, 2014 election. Subdivision (a) of the statute provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code . . . as those sections have been amended or added by this act." If the petitioner meets the criteria in subdivision (a) of the statute, the felony sentence "shall be recalled and the petitioner resentenced to a misdemeanor" pursuant to the statutes under which he or she was convicted, as those sections were amended or added by the Act, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b)); cf. *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 650; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092-1093.)

The parties agree that in passing Proposition 47 the voters intended to embrace probationers within the reach of the resentencing provisions of section 1170.18. To interpret the statutory language otherwise would, in their view, lead to absurd consequences. We find merit in this position. As the People acknowledge, there is nothing in either the ballot materials or the statutory language that appears to limit the

2

phrase "currently serving a sentence for a conviction" to those serving a term of imprisonment. Defendant points out that granting probation is in some contexts a "sentencing choice" (see, e.g., Cal. Rules of Court, rule 4.405(6) [" 'Sentence choice' means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial"]). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority "at time of sentencing" either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ["an order granting probation and suspending imposition of sentence is a form of sentencing"].) Both parties observe that the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language "sentenced to probation." (See *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to "sentence of probation"].)

The ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure;[2] the legislative analysis refers to offenders who are "sentenced" to supervision by a county probation officer while indicating that both jail time for eligible offenders and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Proposition 47 mechanism for resentencing after being "sentenced or

---

[2] " 'In interpreting a voter initiative . . . "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. . . . When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901, quoting *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 and *People v. Birkett* (1999) 21 Cal.4th 226, 231.)

placed on probation"].)  The Legislative Analyst discussed these options under the heading of "Misdemeanor Sentencing" and generally noted the fiscal consequences of "the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors." (Italics added.)  Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but suspending its execution.[3] The statute itself allows the recall of a "felony sentence" and allows the petitioner to request "resentencing" in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).)  And as defendant points out, Proposition 47 was intended to reach those with "nonserious, nonviolent crimes like . . . drug possession," which would encompass many who were granted probation.  (Proposition 47, § 3.)  To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved.

We accordingly adopt the parties' proffered liberal construction of the statute to apply to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme.  Because she met the criteria for eligibility under section 1170.18, defendant was entitled to consideration of her petition for resentencing.

*Disposition*

The order is reversed, and the matter is remanded for consideration of defendant's petition under section 1170.18.

---

[3] Neither party suggests any significance in the latter distinction for purposes of Proposition 47 treatment.

                  _____

                  ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.

*The People v. Garcia*
H042396

Filed 3/8/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAFAELA GARCIA,<br><br>    Defendant and Appellant. | H042396<br>(Monterey County<br>Super. Ct. No. SS120938B)<br><br>**ORDER GRANTING REQUEST<br>FOR PUBLICATION** |

THE COURT:

Pursuant to California Rules of Court, rule 8.1105(b), the request for publication is hereby granted. It is ordered that the opinion in this matter, filed on February 10, 2016, shall be certified for publication.

_____

ELIA, Acting P.J.

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.

Trial Court:                                              Monterey County Superior Court
                                                          Superior Court No.: SS120938B


Trial Judge:                                              Honorable Pamela L. Butler


Counsel for Plaintiff and Respondent:                    Kamala D. Harris
THE PEOPLE                                                Attorney General

                                                          Gerald A. Engler
                                                          Chief Assistant Attorney General

                                                          Jeffrey M. Laurence
                                                          Senior Assistant Attorney General

                                                          Catherine A. Rivlin
                                                          Supervising Deputy Attorney General

                                                          Karen Z. Bovarnick
                                                          Deputy Attorney General


Counsel for Defendant and Appellant:                     William M. Robinson
RAFAELA GARCIA                                            Sixth District Appellate Program


*The People v. Garcia*
H042396