Filed 6/14/16  P. v. Moore CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042279 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1119756) |
| v. | |
| BRADLEY PAUL MOORE, | |
| Defendant and Appellant. | |

In 2013, defendant Bradley Paul Moore pleaded guilty to possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  The trial court granted a two-year term of formal probation with four months in county jail as a condition of probation.  At a probation revocation hearing in 2015, defendant admitted violating the terms of his probation, but he argued his conviction had been reduced to a misdemeanor as a matter of law by the enactment of Proposition 47.  Defendant objected to the requirement that he file a petition to reduce his conviction to a misdemeanor under Proposition 47's resentencing provisions.  (Pen. Code, § 1170.18.)[1]

After the trial court overruled defendant's objection, defendant petitioned for resentencing, whereupon the court granted the petition and reduced his conviction to a misdemeanor.  The trial court ordered that defendant's probation remained revoked.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

Defendant raises three claims on appeal. First, he argues the trial court erred by requiring him to file a petition to reduce his conviction to a misdemeanor. He contends Proposition 47 retroactively reduced his offense to a misdemeanor under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Second, he contends the trial court erred by ordering that probation remained revoked after the court granted his petition for resentencing. Finally, he contends the minutes of the probation revocation hearing must be corrected to show he admitted violating probation.

As to the first claim, we will conclude the trial court properly required the filing of a petition before it resentenced defendant. As to the second and third claims, the Attorney General concedes the merits of those claims. We agree with the parties and accept the Attorney General's concessions as to the latter two claims. Accordingly, we will reverse the order continuing revocation of probation and remand with instructions to amend the minutes of the probation revocation hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offense*[2]

On October 22, 2011, police stopped defendant for driving with an expired registration tag. A records check showed defendant was driving with a suspended license. After defendant consented to a search of his vehicle, police found "numerous off-white crystal rock-like substances" on the driver's side floorboard. Subsequent testing showed the substances to be methamphetamine with a total weight of one gram. Police also found a glass pipe with burnt residue in the car. After police took defendant into custody, he displayed symptoms consistent with being under the influence of a stimulant.

---

[2] Our recitation of the facts is based on those set forth in the probation officer's petition for modification.

2

B. *Procedural Background*

In November 2011, the prosecution charged defendant by felony complaint with three counts: Count One—Possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); Count Two—Using or being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and Count Three—Driving with a revoked or suspended license (Veh. Code, § 14601.1, subd. (a)). The complaint further alleged defendant had suffered a prior conviction for violating Vehicle Code section 14601.1.

In March 2013, defendant pleaded guilty to all three counts as charged, and he admitted his prior conviction for violating Vehicle Code section 14601.1. The trial court suspended imposition of sentence and granted a two-year term of formal probation with four months in county jail as a condition of probation.

In September 2014, defendant's probation officer petitioned for modification of the terms of probation. The petition alleged four violations of probation, including failure to report for a scheduled appointment, a positive drug test, and three additional Vehicle Code violations. On September 25, 2014, the trial court summarily revoked probation.

At a probation revocation hearing on April 16, 2015, defendant *presented* a petition for resentencing under Proposition 47, but he nonetheless argued that his conviction for possession of methamphetamine had been reduced to a misdemeanor by "operation of law." Accordingly, he objected to the requirement that he *file* a petition to reduce his conviction to a misdemeanor. He argued this requirement would violate his constitutional rights under the Second Amendment since subdivision (k) of section 1170.18 prohibits a defendant who successfully petitions for resentencing from having custody or control of a firearm. After the court overruled defendant's objection, he admitted violating the terms of his probation.

The court ordered that probation "remains revoked" and sentenced defendant to 168 days in county jail with 168 days of credit for time served. The trial court then granted the petition for resentencing, recalled the sentence, and reduced defendant's conviction to a misdemeanor.

## II. DISCUSSION

### A. *Retroactivity of Proposition 47*

Defendant contends the passage of Proposition 47 retroactively reduced his conviction for possession of methamphetamine to a misdemeanor under *Estrada, supra*. Accordingly, he contends the trial court erred by requiring him to file a petition for resentencing to reduce his conviction to a misdemeanor. The Attorney General contends the trial court did not err because Proposition 47 does not operate retroactively in the absence of a petition. We conclude the trial court properly required defendant to file a petition for resentencing because a probationer is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).

### 1. *Background*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which reduced certain drug- and theft-related offenses to misdemeanors. As relevant here, the Act amended Health and Safety Code section 11377 to make possession of a controlled substance a misdemeanor except for certain classes of defendants not at issue here. Proposition 47 also created a new resentencing scheme for persons serving felony sentences for offenses that were made misdemeanors by the Act. (Pen. Code, § 1170.18, subd. (a).) Under subdivision (a) of section 1170.18, a person "currently serving a sentence" for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

4

2. *Proposition 47 Does Not Apply Retroactively to Sentenced Defendants*

As defendant acknowledges, other courts of appeal have held that Proposition 47 does not retroactively reduce a defendant's felony conviction to a misdemeanor in the absence of a petition for resentencing. (*People v. Diaz* (2015) 238 Cal.App.4th 1323; *People v. Shabazz* (2015) 237 Cal.App.4th 303.) Those courts rejected the same retroactivity argument defendant makes here based on *Estrada, supra*, and we agree with the reasoning set forth in those opinions.

Defendant attempts to distinguish the aforementioned cases on the ground that they involved defendants who had been sentenced. Defendant argues that, by contrast, he has not been sentenced. He contends Proposition 47 applies to defendants like him based on language set forth in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*).

In *Yearwood*, the Fifth District Court of Appeal considered the retroactive effect of Proposition 36 in a case analogous to this one. Like defendant here, Yearwood argued that the enactment of Proposition 36 retroactively reduced his conviction for possession of marijuana to a misdemeanor under *Estrada* without requiring a petition for resentencing. The court of appeal rejected this argument and concluded that the resentencing process set forth in Proposition 36 operated as "the functional equivalent of a savings clause." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 175.) The court held the resentencing procedure required a petition for recall to be filed by any prisoner serving an indeterminate life sentence under the former three strikes law. But the court also said: "It is undisputed that if appellant had been sentenced for the marijuana possession conviction *after the effective date of the Act*, an indeterminate life sentence would not have been imposed." (*Id.* at p. 168, italics added.) Based on this language, defendant contends we should apply the current, amended version of Health and Safety Code section 11377 to him because the amendment was enacted before he was sentenced.

The lynchpin of defendant's argument is the premise that he had not yet been sentenced when Proposition 47 was enacted in November 2014 because he was on

5

probation at that time. For this premise, he relies on *In re May* (1976) 62 Cal.App.3d 165 [no final judgment entered where proceedings were suspended and probation was granted]. However, as defendant acknowledges, that opinion was published decades before the enactment of either Proposition 36 or Proposition 47. We think its logic bears little relevance to the issue before us, which is largely one of statutory construction based on the language of section 1170.18.

The First District Court of Appeal recently considered this issue in *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*). In that case, the defendant argued that the phrase "currently serving a sentence" only includes defendants serving a term of confinement and does not include probationers. The Attorney General disagreed, arguing that the word "sentence" includes any criminal sanction, including probation. (*Id.* at p. 139.) The court of appeal held that "persons on probation for a felony conviction are 'currently serving a sentence' " within the meaning of section 1170.18, subdivision (a). (*Id.* at p. 132; see also *People v. Tidwell* (2016) 246 Cal.App.4th 212, 218 [an order granting probation and suspending imposition of sentence is a form of sentencing]; *People v. Garcia* (2016) 245 Cal.App.4th 555, 559 [resentencing provision of Proposition 47 applies to all those with felony dispositions, including those placed on probation].)

We agree with the analysis in *Davis*, and we will apply its holding here. Accordingly, we conclude that defendant, as a probationer, is currently serving a sentence within the meaning of section 1170.18. The trial court initially granted probation in March 2013, well before the enactment of Proposition 47. Accordingly, defendant was required to adhere to the petitioning procedures set forth in section 1170.18 if he wished to have his conviction reduced to a misdemeanor. We therefore conclude the trial court did not err by requiring defendant to file a petition for resentencing in order to reduce his conviction to a misdemeanor.

B. *The Continued Revocation of Probation*

As set forth above, after defendant admitted violating the terms of his probation, the trial court ordered that "[p]robation remains revoked" before reducing defendant's conviction to a misdemeanor. Defendant contends this was error because subdivision (d) of section 1170.18 only allows for a period of parole—not probation—upon the grant of a petition for resentencing. Defendant further contends that even if the court was authorized to place defendant on probation after resentencing him, it erred by failing to reinstate, revoke, or discharge probation. The Attorney General concedes the court erred by failing to reinstate probation or place defendant on parole after revoking his probation.

We agree with the parties and we accept the Attorney General's concession. Section 1170.18 makes no provision for a grant of probation following resentencing. Rather, subdivision (d) provides that the petitioner "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).) Accordingly, we will reverse the trial court's order continuing revocation of probation.

C. *Correction of the April 16, 2015 Minute Order*

Finally, defendant contends the minute order of the probation revocation hearing on April 16, 2015, fails to reflect that he admitted violating probation. The Attorney General agrees and joins in defendant's request to correct the minutes. We accept the Attorney General's concession and we agree with the parties. The reporter's transcript of the hearing shows defendant admitted violating probation, but the minutes of the hearing failed to reflect his admission. We will instruct the trial court to amend the minutes on remand.

### III.    DISPOSITION

The trial court's order that defendant's probation remains revoked is reversed and the matter is remanded. On remand, the trial court shall amend the minutes of the April 16, 2015 hearing to reflect that defendant admitted violating the terms of his probation.

7

_____
Márquez, J.

WE CONCUR:



_____
 Rushing, P. J.




_____
 Grover, J.