Filed 7/7/16  P. v. Caceres CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RAMON VICENTE CACERES, <br><br> Defendant and Appellant. | H042320 <br> (Monterey County <br> Super. Ct. Nos. SS111917A, <br> SS112093A) |

## I.  INTRODUCTION

Defendant Ramon Vicente Caceres pleaded no contest to felony possession of a controlled substance (former Health & Saf. Code, § 11350, subd. (a)) in case No. SS111917A and in case No. SS112093A.  The trial court suspended imposition of sentence in each case and placed defendant on probation.  While defendant was on probation, Penal Code section 1170.18[1] was enacted by the voters as part of Proposition 47, which reclassified certain offenses as misdemeanors.  Defendant filed a petition in each case for recall of sentence and resentencing to a misdemeanor pursuant to section 1170.18.  The trial court denied the petitions after determining that defendant, as a probationer, was not serving a sentence within the meaning of the statute.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal defendant contends, among other arguments, that he is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and therefore the trial court erred in denying his petitions. The Attorney General concedes that the trial court erred. We agree and reverse the orders denying defendant's petitions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, defendant pleaded no contest to possession of a controlled substance (former Health & Saf. Code, § 11350, subd. (a)) in case No. SS111917A and in case No. SS112093A. The trial court suspended imposition of sentence in each case and placed defendant on Proposition 36 probation. (See § 1210.1.)

In July 2014, the trial court terminated defendant's Proposition 36 probation in each case, suspended imposition of sentence, and placed him on formal probation for three years.

In early 2015, after Proposition 47 had passed, defendant filed a petition requesting that his felony convictions automatically be designated misdemeanors pursuant to section 1170.18, subdivisions (f) and (g). Defendant contended that he had "completed" his sentence in each case. The prosecution filed written responses arguing that defendant was not eligible for the requested relief because he was not a "sentenced prisoner." The record does not reflect whether the trial court ruled on this petition.

In March 2015, defendant filed a second petition in each case for recall of sentence and resentencing to a misdemeanor pursuant to section 1170.18, subdivisions (b) and (d). In the petitions, defendant contended that he was "sentenced to" felony probation and was "currently serving [that] sentence."

The prosecution apparently continued to object on the grounds that defendant was not eligible for relief because he was not currently serving a sentence within the meaning of section 1170.18.

The parties filed memoranda of points and authorities on the issue. Defendant contended that, as a probationer, he was "currently serving a sentence" within the

2

meaning of section 1170.18, and that therefore he was entitled to have his convictions resentenced as misdemeanors under the statute. Defendant also filed a "non-statutory motion to reduce both matters to misdemeanors by operation of law."

The prosecution contended that defendant's petitions were premature because he had been placed on probation and was therefore not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).

On May 8, 2015, a hearing was held on defendant's petitions. The trial court stated that, "in regard to the issue of whether a grant of felony probation constitutes a sentence, the Court finds under the traditional case law it does not." The court denied defendant's petitions for recall and resentencing by written orders filed that same day.

### III. DISCUSSION

On appeal, defendant contends that the trial court's order denying his petitions for recall and resentencing as misdemeanors must be reversed. First, he argues that as a probationer he is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and therefore he is eligible to have his felony convictions resentenced as misdemeanors. Second, he contends that denying relief under section 1170.18 to a defendant granted probation rather than sentenced to prison or jail violates the equal protection clauses of the federal and state Constitutions. Third, he argues that "[i]f this court agrees with the trial court that" he is not eligible for resentencing because he has not yet been sentenced, then his "cases automatically became misdemeanors upon passage of [Proposition] 47."

The Attorney General concedes that defendant, as a probationer, is "currently serving a sentence" and is therefore eligible to petition for relief under section 1170.18, subdivision (a). The Attorney General contends that defendant's convictions do not automatically become misdemeanors by retroactive application of Proposition 47.

We find the Attorney General's concession that defendant is currently serving a sentence and is therefore eligible to petition for relief under section 1170.18,

3

subdivision (a) to be appropriate. In view of our conclusion, we do not reach the two other issues raised by defendant regarding (1) whether a different construction of the statute violates the federal and state equal protection clauses, and (2) whether Proposition 47 operates retroactively to automatically change his felony convictions to misdemeanors.

A. *Legal Background: Proposition 47*

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014.) Proposition 47 reclassified certain drug and theft related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. (§ 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) The statutes amended by Proposition 47 include Health and Safety Code section 11350, subdivision (a), the former version of which provided the basis for defendant's felony convictions. Prior to Proposition 47, possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a) was a felony. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092 (*Rivera*).) As a result of Proposition 47, Health and Safety Code section 11350, subdivision (a) now provides that possession of specified controlled substances is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions.[2]

---

[2] Health and Safety Code section 11350, subdivision (a) provides for the following punishment: "imprisonment in a county jail for not more than one year, except that such person shall instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." Section 667, subdivision (e)(2)(C)(iv) lists a number of serious or violent felonies, which have been referred to as "super strike" offenses. (See *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

Proposition 47 also enacted a new statutory provision, section 1170.18, which sets forth procedures for defendants seeking to have a felony conviction resentenced as or designated a misdemeanor.  Relevant here, one of the procedures applies to a defendant who is "*currently serving a sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense.  (§ 1170.18, subd. (a), italics added.)  Such a defendant may petition for a recall of his or her sentence and request resentencing in accordance with the amended statute that reclassified the defendant's offense as a misdemeanor.  (*Ibid.*)

If the petitioner meets the requisite statutory criteria, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b); see *id.*, subd. (c).)  Section 1170.18 sets forth various factors that a court may consider in exercising its discretion.  (*Id.*, subd. (b)(1)-(3).)  A defendant is not eligible for resentencing if he or she has suffered a specified prior conviction.  (*Id.*, subd. (i).)  Generally, a defendant who is resentenced pursuant to section 1170.18 is subject to a one-year period of parole and may not possess a firearm.  (*Id.*, subds. (d) & (k).)

**B.  *"Currently Serving a Sentence"***

In *People v. Garcia* (2016) 245 Cal.App.4th 555 (*Garcia*), we determined that the phrase "currently serving a sentence" in section 1170.18, subdivision (a), "appl[ies] to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme."  (*Garcia*, *supra*, at p. 559.)  In *Garcia*, the trial court suspended imposition of sentence and placed the defendant on probation for felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)).  (*Garcia*, *supra*, at p. 557.)

We agreed with the parties in *Garcia* that interpreting the statutory language to *not* include probationers would lead to absurd consequences.  We observed that "there is

5

nothing in either the ballot materials or the statutory language that appears to limit the phrase 'currently serving a sentence for a conviction' to those serving a term of imprisonment." (*Garcia*, *supra*, 245 Cal.App.4th at p. 558.)  Moreover, "granting probation is in some contexts a 'sentencing choice' (see, e.g., Cal. Rules of Court, rule 4.405(6) [' "Sentence choice" means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial.']).  (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority 'at time of sentencing' either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ['an order granting probation and suspending imposition of sentence is a form of sentencing'].)" (*Ibid*.)  Indeed, "the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language 'sentenced to probation.'  (See *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to 'sentence of probation'].)" (*Ibid*.)

    We explained in *Garcia* that "[t]he ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure; the legislative analysis refers to offenders who are 'sentenced' to supervision by a county probation officer while indicating that both jail time for eligible offenders and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18.  (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Prop. 47 mechanism for resentencing after being 'sentenced or placed on probation'].)  The Legislative Analyst discussed these options under the heading of 'Misdemeanor Sentencing' and generally noted the fiscal consequences of 'the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors.'  (Italics added.)  Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of

6

probation after suspending imposition of sentence and an order imposing sentence but suspending its execution. The statute itself allows the recall of a 'felony sentence' and allows the petitioner to request 'resentencing' in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).) . . . Proposition 47 was intended to reach those with 'nonserious, nonviolent crimes like . . . drug possession,' which would encompass many who were granted probation. (Voter Information Guide, [Gen. Elec. (Nov. 4, 2014)] text of Prop. 47, § 3, p. 70.) To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Garcia*, *supra*, 245 Cal.App.4th at pp. 558-559, fns. omitted.)

Accordingly, because section 1170.18 applies "to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme" (*Garcia*, *supra*, 245 Cal.App.4th at p. 559), defendant as a probationer in this case was entitled to consideration of his petitions for resentencing.

## IV. DISPOSITION

The May 8, 2015 orders in case Nos. SS111917A and SS112093A are reversed, and the matters are remanded for consideration of defendant's petitions under Penal Code section 1170.18.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____

ELIA, ACTING P.J.


_____

MIHARA, J.


*People v. Caceres*
**H042320**