Filed 8/18/16  P. v. Valdez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PETE CALDERON VALDEZ, SR.,<br><br>     Defendant and Appellant. | H042346<br>(Monterey County<br>Super. Ct. Nos. SS132528A,<br>SS140906A) |

## I.  INTRODUCTION

In case No. SS132528A, defendant Pete Calderon Valdez, Sr., pleaded no contest to possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)) and misdemeanor inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)).[1] In case No. SS140906A, defendant pleaded no contest to possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)) and misdemeanor violating a protective order (§ 166, subd. (c)(1)).  The trial court suspended imposition of sentence in each case and placed defendant on probation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

While defendant was on probation, section 1170.18 was enacted by the voters as part of Proposition 47, which reclassified certain offenses as misdemeanors. Defendant filed a petition in each case for recall of sentence and resentencing to a misdemeanor under section 1170.18 with respect to his felony drug convictions. The trial court implicitly determined that defendant, as a probationer, was not serving a sentence within the meaning of section 1170.18. However, in order to sentence the drug convictions as misdemeanors, the court proceeded to terminate probation in both cases, sentence defendant to 16-month jail terms for his felony drug convictions, and then immediately recall the sentences and resentence defendant to misdemeanors.

On appeal, defendant contends that the trial court erred by failing to automatically designate his felony drug convictions as misdemeanors. Defendant argues that the provisions of Proposition 47 in reclassifying certain offenses as misdemeanors applied retroactively to him, and that the trial court erred in terminating probation and sentencing him to felony jail terms before resentencing his drug offenses as misdemeanors.

For reasons that we will explain, we will order the vacation of the orders terminating probation and imposing felony sentences, and affirm the orders as so modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2014, in case No. SS132528A, defendant was charged by information with possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a); count 1), misdemeanor inflicting corporal injury on a spouse (§ 273.5, subd. (a); count 2), and misdemeanor child endangerment (§ 273a, subd. (b); count 3). In March 2014, defendant pleaded no contest to counts 1 and 2.

In April 2014, in case No. SS140906A, defendant was charged by complaint with possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a); count 1), and misdemeanor violating a protective order (§ 166, subd. (c)(1); count 2). Defendant pleaded no contest to both counts.

2

At a combined sentencing hearing in May 2014, the trial court suspended imposition of sentence in each case and placed defendant on probation for three years with various terms and conditions. The remaining count against defendant in case No. SS132528A was dismissed.

Defendant thereafter filed an application in case No. SS140906A to have his felony drug conviction designated as a misdemeanor under section 1170.18. Defendant later withdrew the petition before the court ruled on it.

In the meantime, on October 15, 2014, defendant admitted violating probation in both cases. On December 10, 2014, the trial court reinstated probation in both cases on modified terms and conditions.

In mid-December 2014, defendant filed a petition in each case for recall of sentence and resentencing under section 1170.18. In the petitions, defendant stated that he had been convicted of felony violations of former Health and Safety Code sections 11377 and those offenses had since been reclassified as misdemeanors. Defendant contended that he was "sentenced to" probation in each case, and that he was "currently serving the . . . sentence" in each case. He requested that he be resentenced to misdemeanors.

In case No. SS140906A, the prosecutor filed a written response indicating that defendant was not eligible for the requested relief because he was "on probation and therefore no[t] serving a sentence." In case No. SS132528A, a different prosecutor filed a written response indicating that the prosecution had "no objection" to defendant's petition and that defendant was "entitled to the requested relief."

A hearing was held on the petitions on April 24, 2015. The trial court stated its understanding that the prosecution's "objection was that [defendant] hadn't been sentenced." The court, in apparent agreement with the prosecution that defendant was not serving a sentence within the meaning of section 1170.18, stated, "Typically I sentence to [the] lower term, recall the sentence and resentence as a misdemeanor."

3

Defense counsel responded, "Okay. That's fine. If the Court wants to 17(b) it, I can also request that. But if the Court wants to do it the other way, I would just list my objections for the record and submit it." The court stated, "[D]oing it that way instead of the 17(b) he could still be placed on parole for a year." Defense counsel responded, "Correct." Defense counsel later stated, "I'll submit it to the Court with my objections." The prosecution stated, "The Court correctly understands and stated the People's position."

The trial court proceeded to revoke and terminate probation in each case and sentence defendant to the lower term of 16 months in jail for his felony convictions under former Health and Safety Code section 11377, subdivision (a). The court immediately recalled the sentences and resentenced defendant to misdemeanors for the convictions. In each case, the court denied probation and ordered defendant to serve 365 days in county jail with credit for time served of 365 days. Further, in case No. SS140906A, the court placed defendant on parole for one year. In case No. SS132528A, the court released defendant from parole.

Defendant filed a notice of appeal from the April 24, 2015 order in each case.

### III. DISCUSSION

#### A. *Legal Background: Proposition 47*

On November 4, 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act). (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014.) Proposition 47 reclassified certain drug and theft related offenses as misdemeanors instead of felonies or alternative felony misdemeanors. (§ 1170.18, subd. (a); *People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.) The statutes amended by Proposition 47 include Health and Safety Code section 11377, subdivision (a), the former version of which provided the basis for defendant's felony conviction in each case. Prior to Proposition 47, possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a) was a wobbler. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) As a result of Proposition 47, Health and Safety Code

4

section 11377, subdivision (a) now provides that possession of specified controlled substances is punishable as a misdemeanor unless the defendant has certain disqualifying prior convictions.[2]

Proposition 47 also enacted a new statutory provision, section 1170.18, which sets forth two different procedures for defendants seeking to have a felony conviction resentenced or designated as a misdemeanor.

The first procedure under section 1170.18 applies to a defendant who is "*currently serving a sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (a), italics added.) Such a defendant may petition for a recall of his or her sentence and request resentencing in accordance with the amended statute that reclassified the defendant's offense as a misdemeanor. (*Ibid.*) If the petitioner meets the requisite statutory criteria, "the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b); see *id.*, subd. (c).) Section 1170.18 sets forth various factors that a court may consider in exercising its discretion. (*Id.*, subd. (b)(1)-(3).) A defendant is not eligible for resentencing if he or she has suffered a specified prior conviction. (*Id.*, subd. (i).) Generally, a defendant who is resentenced pursuant to section 1170.18 is subject to a one-year period of parole, unless the court as part of its resentencing order

---

[2] Health and Safety Code section 11377, subdivision (a) provides for the following punishment: "imprisonment in a county jail for a period of not more than one year, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 of the Penal Code if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code."

releases the defendant from parole, and the defendant continues to be subject to the ban on firearms possession that is applicable to felons.  (*Id.*, subds. (d) & (k).)

The second procedure under section 1170.18 applies to a defendant who has "*completed his or her sentence*" for a felony conviction and who would have been guilty of a misdemeanor under the Act if the Act had been in effect at the time of the offense. (§ 1170.18, subd. (f), italics added.)  Such a person may file an application to have the felony conviction designated a misdemeanor, and the trial court must make the misdemeanor designation if the defendant meets the requisite criteria and has not suffered a specified prior conviction.  (*Id.*, subds. (f), (g) & (i).)

On appeal, defendant contends that the trial court erred by revoking his probation and imposing 16-month jail sentences in order to make him eligible for resentencing as a misdemeanor under section 1170.18, subdivisions (a) and (b).  Defendant argues that the trial court should have instead retroactively applied Proposition 47's reclassification of his felony offenses as misdemeanors and automatically designated his felony convictions as misdemeanors.  Defendant also contends that, as a probationer, he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).  Defendant requests that his probation revocations, parole requirement, and firearm bans be "stri[cken]."

The Attorney General contends that defendant was not entitled to an automatic reduction of his felonies to misdemeanors.  The Attorney General also contends that the trial court erred in determining that defendant, as probationer, was not currently serving a sentence within the meaning of section 1170.18, subdivision (a).  The Attorney General argues that the court nevertheless granted defendant the relief he sought, that is, resentencing of the felony convictions to misdemeanors, and that the judgments should therefore be affirmed.

6

We will first consider the issue of retroactivity before turning to the question of whether the procedure set forth in section 1170.18, subdivision (a) was applicable to defendant in order to be resentenced to misdemeanors.

**B.  *Retroactivity***

### 1.  Legal background

Section 3 specifies that no part of the Penal Code is retroactive, "unless expressly so declared."  Section 3 "provides the default rule" regarding retroactivity, "codifying 'the time-honored principle . . . that in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or electorate] . . . must have intended a retroactive application.' [Citations.]"  (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*).)

A "qualification" to the prospective-only presumption regarding statutory amendments was set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  (*Brown*, *supra*, 54 Cal.4th at p. 323.)  That qualification is:  "When the Legislature [or electorate] has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature [or electorate] intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.  [Citation.]"  (*Ibid*., fn. omitted.)  As the *Estrada* court explained: "When the Legislature amends a statute so as to lessen the punishment[,] it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.  The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."  (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

7

In *In re May* (1976) 62 Cal.App.3d 165 (*May*), the appellate court addressed the application of *Estrada* and the issue of when a judgment is final for a defendant placed on probation. In *May*, the "proceedings in the case were suspended and [the defendant] was placed on probation" for a drug offense. (*Id.* at p. 167.) A statutory amendment subsequently reduced the offense from a felony to a misdemeanor. (*Ibid.*) In the defendant's case, however, the trial court continued to treat the offense as a felony when the defendant was later found in violation of probation. (*Id.* at pp. 167-168.) The appellate court determined that, "[s]ince the proceedings were suspended, no final judgment was entered for the purposes of this case. [Citations.] Thus, the rationale of *Estrada* applies to this case because the amendatory statute became effective after the commission of the act but before the judgment of conviction was final." (*Id.* at p. 169.) The appellate court therefore concluded that the defendant's offense should be designated and treated as a misdemeanor. (*Ibid.*)

"The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted (*Nasalga*) (plur. opn. of Werdegar, J.); see *Estrada*, *supra*, 63 Cal.2d at p. 747 ["where there is an express or implied saving clause," the prior statute "should continue to operate as to past acts"].) If there is no express saving clause, one will be implied if the Legislature or electorate has "demonstrate[d] its intention with sufficient clarity that a reviewing court can discern and effectuate it." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1049 (*Pedro T.*).)

For example, the "functional equivalent of a saving clause" was included in Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act). (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 172 (*Yearwood*).) The Reform Act "change[d] the requirements for sentencing a third strike offender" by authorizing life sentences only in certain cases. (*Yearwood*, *supra*, at p. 167.) The Reform Act also enacted a new

8

statute, section 1170.126, which "created a postconviction release proceeding whereby [an eligible] prisoner . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. [Citation.]" (*Yearwood*, *supra*, at p. 168.)

The *Yearwood* defendant was sentenced as a third strike offender prior to the Reform Act. (*Yearwood*, *supra*, 213 Cal.App.4th at p. 167.) Had he been sentenced after the Reform Act, he would not have been sentenced to an indeterminate life term. (*Yearwood*, *supra*, at p. 168.) The appellate court considered whether it could issue an order that he be resentenced, or whether his remedy was "limited to filing a petition for a recall of his sentence in compliance with section 1170.126." (*Ibid*.)

The *Yearwood* defendant argued that the Reform Act should apply retroactively, based on *Estrada*, because the Reform Act reduced the punishment for his offense. The *Yearwood* court disagreed, finding that "[t]he *Estrada* rule does not apply to the [Reform] Act because section 1170.126 operates as the functional equivalent of a saving clause." (*Yearwood*, *supra*, 213 Cal.App.4th at p. 172.) The court examined the language of section 1170.126, subdivision (b), which provides, "Any person serving an indeterminate term of life imprisonment" imposed for a third strike conviction "may file a petition for a recall of sentence." The court found this phrase was "not ambiguous" and that section 1170.126 "is correctly interpreted to apply to all prisoners serving an indeterminate life sentence imposed under the former three strikes law." (*Yearwood*, *supra*, at p. 175.)

On June 30, 2016, the California Supreme Court similarly held that third strike defendants who were sentenced prior to the effective date of the Reform Act, but whose judgments were not yet final as of that date, "are not entitled to automatic resentencing, but instead may seek resentencing by petitioning for recall of sentence under section 1170.126." (*People v. Conley* (2016) 63 Cal.4th 646, 652 (*Conley*).) Among the court's reasons in reaching this conclusion was the fact that "the Reform Act is not silent

9

on the question of retroactivity." (*Id.* at p. 657.)  Rather, "[s]ection 1170.126 creates a special mechanism that entitles all persons 'presently serving' indeterminate life terms imposed under the prior law to seek resentencing under the new law.  By its terms, the provision draws no distinction between persons serving final sentences and those serving nonfinal sentences, entitling both categories of prisoners to petition courts for recall of sentence under the Act." (*Ibid.*; see § 1170.126, subd. (a).)

The California Supreme Court further explained that "[t]he recall procedures in Penal Code section 1170.126 were designed to strike a balance between [the] objectives of mitigating punishment and protecting public safety by creating a resentencing mechanism for persons serving indeterminate life terms under the former Three Strikes law, but making resentencing subject to the trial court's evaluation of whether, based on their criminal history, their record of incarceration, and other relevant considerations, their early release would pose an 'unreasonable risk of danger to public safety.' [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 658.)  The California Supreme Court "[could] discern no basis to conclude that the electorate would have intended for courts to bypass the public safety inquiry altogether in the case of defendants serving sentences that are not yet final." (*Id.* at p. 659.)  Lastly, the court reasoned that the Reform Act did not address certain procedural complexities, regarding the pleading and proof of new disqualifying factors, which would arise if the Reform Act automatically applied to previously sentenced defendants, because voters intended for such defendants to instead follow the petition process which did not implicate those procedural complexities. (*Id.* at pp. 659-661.)

### 2.  Analysis

Defendant contends that he was automatically entitled to relief under Proposition 47 and the resulting statutory amendment that changed his drug offenses from felonies to misdemeanors.

10

The question of whether retroactive application of Proposition 47's reduced penalty provisions is required under *Estrada* requires a determination of the intent of the electorate (*Estrada*, *supra*, 63 Cal.2d at p. 744), which may be signaled by the inclusion of "either an express saving clause or its equivalent" (*Nasalga*, *supra*, 12 Cal.4th at p. 793; see *Estrada*, *supra*, at p. 747).

We determine that although Proposition 47 does not have an express saving clause, it did create section 1170.18, which is functionally equivalent to a saving clause. (See *Nasalga*, *supra*, 12 Cal.4th at p. 793; *Pedro T.*, *supra*, 8 Cal.4th at p. 1049; *Estrada*, *supra*, 63 Cal.2d at p. 747.) In enacting Proposition 47, the electorate drew distinctions between three categories of defendants—those who had not yet been sentenced, those who were "currently serving" sentences (§ 1170.18, subd. (a)), and those who had completed their sentences (*id.*, subd. (f))—and it provided procedures for those latter two categories of defendants who sought to benefit from the ameliorative provisions provided by Proposition 47. In particular, under section 1170.18, subdivision (a), a defendant who is "currently serving a sentence for a conviction" may petition for a recall of sentence and resentencing. Like the resentencing petition process created by the Reform Act, the resentencing petition process contained in section 1170.18, subdivision (a) expressly applies to defendants who are "currently serving a sentence" for a crime that would have been a misdemeanor after the passage of Proposition 47. (Cf. § 1170.126, subds. (a) & (b); see *Conley*, *supra*, 63 Cal.4th at pp. 657-658; *Yearwood*, *supra*, 213 Cal.App.4th at p. 173.) Further, like the resentencing process created by the Reform Act, the resentencing process contained in section 1170.18, subdivision (b) makes resentencing subject to the trial court's evaluation of whether resentencing the defendant "would pose an unreasonable risk of danger to public safety." (Cf. § 1170.126, subd. (f); see *Conley*, *supra*, at pp. 658-659; *Yearwood*, *supra*, 213 Cal.App.4th at p. 176.) By setting forth a specific procedure for those defendants who were "currently serving a sentence" at the time the initiative took effect and in view of the nature of that procedure (§ 1170.18,

11

subd. (a); see *id.*, subd. (b)), the electorate effectively and clearly "demonstrate[d] its intention" that such defendants follow those procedures set forth in section 1170.18 before being resentenced (*Pedro T.*, *supra*, at p. 1049).[3]

We therefore turn to the question of whether defendant is "currently serving a sentence" (§ 1170.18, subd. (a)), such that the recall and resentencing procedure set forth in section 1170.18 applies to him. (See, e.g., *id.*, subds. (a) - (d).)

## C. *"Currently Serving a Sentence"*

Defendant contends that, because the imposition of his sentence was suspended in each case and he was placed on probation (see § 1203, subd. (a)), he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a). The Attorney General contends that defendant, as a probationer, was "currently serving a sentence" within the meaning of section 1170.18, subdivision (a).

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] [2] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] [3] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] [¶] In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the

---

[3] In *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*), review granted July 13, 2016, S234324, the appellate court similarly concluded that, for defendants who were currently serving a sentence or who had completed a sentence for a felony covered by Proposition 47, "the electorate made clear its intent as to the nature and extent of the retroactive application of the amendments. For those persons, there is no need, and no place, for inferences about retroactive application, and therefore no basis for invoking *Estrada*." (*Davis, supra,* at p. 137.)

electorate's intent.' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900-901.)

In *People v. Garcia* (2016) 245 Cal.App.4th 555 (*Garcia*), we determined that the phrase "currently serving a sentence" in section 1170.18, subdivision (a), "appl[ies] to all those with felony dispositions, including those placed on probation who otherwise meet the conditions specified in the statutory scheme." (*Garcia*, *supra*, at p. 559.)[4] In *Garcia*, as in the instant case, the trial court suspended imposition of sentence and placed the defendant on probation for felony possession of a controlled substance (former Health & Saf. Code, § 11377, subd. (a)). (*Garcia*, *supra*, at p. 557.)

We agreed with the parties in *Garcia* that interpreting the statutory language to *not* include probationers would lead to absurd consequences. We observed that "there is nothing in either the ballot materials or the statutory language that appears to limit the phrase 'currently serving a sentence for a conviction' to those serving a term of imprisonment." (*Garcia*, *supra*, 245 Cal.App.4th at p. 558.) Moreover, "granting probation is in some contexts a 'sentencing choice' (see, e.g., Cal. Rules of Court, rule 4.405(6) [' "Sentence choice" means the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial.']). (Cf. *People v. Howard* (1997) 16 Cal.4th 1081, 1084 [referring to court's authority 'at time of sentencing' either to suspend imposition of sentence or impose sentence and suspend its execution]; *In re DeLong* (2001) 93 Cal.App.4th 562, 571 ['an order granting probation and suspending imposition of sentence is a form of sentencing'].)" (*Ibid.*) Indeed, "the language of another voter initiative, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, used the language 'sentenced to probation.' (See *People v.*

---

[4] In *Davis*, *supra*, 246 Cal.App.4th at pages 132 and 143, review granted, the appellate court similarly concluded that probationers fall within the meaning of section 1170.18, subdivision (a).

*Mendoza* (2003) 106 Cal.App.4th 1030, 1034 [quoting ballot pamphlet to distinguish conviction from sentence and referring to 'sentence of probation'].)" (*Ibid.*)

We explained in *Garcia* that "[t]he ballot materials for Proposition 47 likewise indicate that the voters regarded probation as one of the options within a sentencing procedure; the legislative analysis refers to offenders who are 'sentenced' to supervision by a county probation officer while indicating that both jail time for eligible offenders and the caseloads of probation officers would be reduced by including felony probation as a disposition eligible for resentencing under section 1170.18. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [discussing Prop. 47 mechanism for resentencing after being 'sentenced or placed on probation'].) The Legislative Analyst discussed these options under the heading of 'Misdemeanor Sentencing' and generally noted the fiscal consequences of 'the *resentencing* of individuals currently serving sentences for felonies that are changed to misdemeanors.' (Italics added.) Nothing in the text of the initiative, the legislative analysis, or the arguments for and against it indicate an intent to distinguish between a prison sentence and felony probation, or between a grant of probation after suspending imposition of sentence and an order imposing sentence but suspending its execution. The statute itself allows the recall of a 'felony sentence' and allows the petitioner to request 'resentencing' in Health and Safety Code section 11377 cases, without segregating those serving prison sentences from those serving probation terms. (§ 1170.18, subds. (a), (b).) . . . Proposition 47 was intended to reach those with 'nonserious, nonviolent crimes like . . . drug possession,' which would encompass many who were granted probation. (Voter Information Guide, [Gen. Elec. (Nov. 4, 2014)] text of Prop. 47, § 3, p. 70.) To deprive those defendants of the benefit of the reduced penalty for their offenses would create an incongruity the voters would not have either anticipated or approved." (*Garcia*, *supra*, 245 Cal.App.4th at pp. 558-559, fns. omitted.)

Defendant fails to persuade us that *Garcia* is distinguishable from his case or that we should otherwise not follow *Garcia*.

14

Defendant argues that, because section 1170.18, subdivision (a) authorizes a petition for recall of sentence from the trial court that entered the "judgment of conviction," subdivision (a) does not apply to a probationer whose imposition of sentence has been suspended because no such judgment has been entered. However, section 1237, subdivision (a), which governs criminal appeals, provides that a "final judgment of conviction" includes an order granting probation.

Defendant also argues that applying the procedures set forth in section 1170.18 to probationers "is inconsistent with the voters' intent in passing Proposition 47." For example, according to defendant, probation is only granted to those defendants who pose minimal risk to public safety, so requiring a trial court to assess those defendants' risk to public safety under section 1170.18, subdivisions (b) and (c) is "redundant" and subjecting those defendants to a parole requirement undermines the purpose of Proposition 47 "by diminishing the financial resources."

We are not persuaded by defendant's arguments. Some of the provisions in section 1170.18 may be more appropriately applied to one defendant over another defendant, whether those two defendants are both in prison, both on probation, or one in prison and one on probation. The provisions of section 1170.18 are not inconsistent with an intent by the electorate to include probationers within the recall/resentencing procedures. For example, that a court may be more likely to have public safety concerns when a recall petition is brought by a defendant in prison as compared to a petition brought by a probationer, does not suggest that the electorate intended to allow a recall petition by a prisoner only and not by a probationer.

**D.** *Summary*

Defendant, who was on probation, sought to have his felony drug convictions designated misdemeanors. The trial court apparently determined that defendant had not yet been sentenced, and that therefore none of the procedures provided by section 1170.18 was available to defendant while he was on probation. The court

15

consequently revoked and terminated defendant's probation, sentenced him to 16 months in jail in each case, immediately recalled the sentences, and resentenced defendant to misdemeanors for the drug convictions.

However, as we explained in *Garcia*, *supra*, 245 Cal.App.4th 555, which was filed after the hearing on defendant's petitions for resentencing in this case, defendant was "currently serving a sentence" within the meaning of section 1170.18, subdivision (a) at the time he was on probation. Therefore, the trial court could have properly considered defendant's petition for recall and resentencing under subdivision (a) without terminating his probation and imposing a felony sentence in each case.

Although defendant ultimately obtained the relief to which he was entitled under section 1170.18, subdivision (b), that is, resentencing to a misdemeanor for each of his eligible felony convictions, he contends his claims on appeal are not moot and that there may be collateral consequences as a result of the trial court's procedure in revoking probation and imposing felony sentences. At oral argument, defendant and the Attorney General agreed that the proper remedy would be to strike the trial court's orders revoking probation and imposing felony sentences. Accordingly, we will vacate the trial court's orders in these respects and affirm the orders as so modified.

## IV. DISPOSITION

In case No. SS132528A, the order of April 24, 2015 is ordered modified by vacating: (1) the order revoking and terminating probation, and (2) the order imposing a 16-month felony sentence. As so modified, the order of April 24, 2015 is affirmed.

In case No. SS140906A, the order of April 24, 2015 is ordered modified by vacating: (1) the order revoking and terminating probation, and (2) the order imposing a 16-month felony sentence. As so modified, the order of April 24, 2015 is affirmed.

16

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____

ELIA, ACTING P.J.


_____

MIHARA, J.


*People v. Valdez*
**H042346**