Filed 8/22/16  P. v. Been CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042297 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1139396) |
| v. | |
| ANDREW JAMES BEEN, | |
| Defendant and Appellant. | |

Defendant Andrew James Been appeals from the trial court's order granting his petition under Penal Code section 1170.18[1] and redesignating as a misdemeanor his conviction for violating Health and Safety Code section 11377.  He contends that section 1170.18 did not apply to him because he was on probation with imposition of sentence suspended.  His argument is that he was entitled to retroactive application of Proposition 47 to his offense so that he would not be subject to the firearm prohibition that follows from a felony conviction even after it is redesignated as a misdemeanor under section 1170.18.  We reject his contention and affirm the court's order.

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

## I. Background

In August 2011, defendant was charged by felony complaint with felony possession of ecstasy for sale, a violation of Health and Safety Code section 11378. In March 2012, defendant entered into a plea agreement. He agreed to plead no contest to felony possession of ecstasy, a violation of Health and Safety Code section 11377, in exchange for a grant of probation. As part of his plea agreement, he acknowledged that, as a result of his plea, "I cannot own, control, or have in my custody any firearm or ammunition for the rest of my life." In April 2012, the court suspended imposition of sentence and placed defendant on probation for three years.

At an April 2015 hearing, defendant admitted allegations that he had violated his probation multiple times in 2013. He also submitted a petition for resentencing or redesignation of his offense as a misdemeanor under section 1170.18. The prosecution stipulated that he was eligible for resentencing or redesignation. The court revoked defendant's probation, sentenced him to a county jail sentence equal to his credit for time served, and redesignated his offense as a misdemeanor. His trial counsel interposed "an objection as to the process of the petition violating my client's Second Amendment rights." Defendant timely filed a notice of appeal from the court's order and obtained a certificate of probable cause.

## II. Analysis

Defendant contends that, because he was on probation, he "was not yet sentenced" and therefore section 1170.18 "did not apply to him." We recently rejected this contention and held that section 1170.18 "appl[ies] to all those with felony dispositions, including those placed on probation . . . ." (*People v. Garcia* (2016) 245 Cal.App.4th 555, 559 (*Garcia*).) *Garcia* had a different procedural posture from this case, but our construction of section 1170.18 in *Garcia* is fully applicable to this case. Indeed, the First District Court of Appeal recently came to the same conclusion in a case with the

2

very same procedural posture as this one.  (*People v. Davis* (2016) 246 Cal.App.4th 127, review granted July 13, 2016, S234324 (*Davis*).)  We agree with the reasoning in *Garcia* and *Davis*.  Consequently, we reject defendant's contention.

## III.  Disposition

The order is affirmed.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Bamattre-Manoukian, J.

4